1
2
3
4
5
6

Renee M. Finch, Esq.
Nevada Bar No. 13118
**MESSNER REEVES, LLP**
8945 West Russell Road, Suite 300
Las Vegas, NV 89148
Telephone:   (702) 363-5100
Facsimile:    (702) 363-5101
E-mail:        rfinch@messner.com
*Attorneys for Defendant*
*State Farm Mutual Automobile Insurance Company*

7

8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

9

10

11

12

13

14

15

16

| | |
|---|---|
| DAVID A. GARCIA CABALLERO,  an individual,<br><br>                Plaintiff,<br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>                Defendants. | Case No.: 2:24-cv-00268<br><br>**JOINT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL REVIEW REQUESTED** |

17

18

19

20

21

22

23

24

       Plaintiff, DAVID A. GARCIA CABALLERO ("Plaintiff"), by and through his counsel of record Dennis M. Prince, Esq. and Kevin T. Strong, Esq. of PRINCE LAW GROUP and Farhan R. Naqvi, Esq. and Paul G. Albright, Esq. of NAQVI INJURY LAW, and Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, by and through its counsel of record, Renee M. Finch, Esq. of MESSNER REEVES, LLP, submit the following Joint Discovery Plan and Scheduling Order ("Plan"). The parties conducted a discovery planning conference on March 22, 2024 and submit this discovery plan for review and approval.

25

26

27

28

       The standard discovery plan would end discovery on August 12, 2024, with initial expert disclosures due on June 13, 2024 and rebuttal experts due on July 12, 2024. Given the nature of this matter, the parties are requesting special review to extend these standard deadlines as demonstrated below. This matter involves allegations of bad faith and thus necessitates corporate discovery to include

1   in-depth written discovery responses and corporate designee deposition(s). The parties are in the process

2   of negotiating an applicable protective order and confidentiality stipulation that will require agreement

3   prior to the disclosure of corporate policies and procedures. The Claim File in this matter contains over

4   2,100 pages that will require redaction and the creation of an appropriate privilege log. For the parties

5   to adequately prepare their claims and defenses related to the bad faith allegations, all the appropriate

6   documents must be disclosed, reviewed, and sent to various experts. Plaintiff will request various

7   corporate documents that will have to be internally identified and properly redacted prior to production.

8   Typically, production of internal confidential and proprietary claims documents can include documents

9   in the hundreds to thousands of pages. Further, Defendant wishes to retain a medical expert for purposes

10  of conducting an independent medical examination. Defendant must gather all records, retain said

11  expert, schedule an appointment which is currently running 60-90 days out and obtain a report in time

12  for disclosure. This portion of the discovery is anticipated to take several months.

13      Further, both parties seek to identify and retain expert witnesses in preparation for the trial in

14  this matter. Given that the expert disclosure dates are fast approaching on the standard schedule and the

15  rebuttal timeframe includes the July 4th holiday, both parties anticipate that there will be a request for

16  additional time. To avoid a future request of that nature, the parties have agreed to submit a plan that

17  contemplates nine (9) months of discovery instead of the standard six (6) month timeframe.

18      1.      **Changes in the timing, form or requirements for Rule 26(a) Disclosures:** The parties

19  have agreed the Rule 26(a) disclosure deadline is April 1, 2024.

20      2.      **Subjects on which discovery may be made:**  The parties envision propounding written

21  discovery, disclosing policies and procedures pursuant to protective order, conducting depositions of

22  treating physicians, parties, corporate 30(b)(6) designees, and disclosed experts, and obtaining all

23  relevant records through use of subpoena.  The parties also may conduct further discovery as may be

24  allowed under the Federal Rules of Civil Procedure relating to the allegations set forth in Plaintiff's

25  Complaint and Defendant's Answer.

26      3.      **Changes to limitations on discovery:**  None.

27      4.      **Discovery of electronically stored information:** The parties have taken reasonable

28  measures to preserve relevant documents, including electronically stored information ("ESI"), that are

1  maintained in locations and systems where such relevant information is likely to be found in accordance

2  with the Rules. The parties do not anticipate the need for any special ESI protocols related to the subject

3  lawsuit.

4

5       5.   **Proposed Discovery Schedule for Special Review:**

6         a.  Close of Discovery:                  November 11, 2024

7         b.  Amend pleadings and add parties:    August 13, 2024

8         c.  Initial Expert Disclosures:        September 12, 2024

9         d.  Rebuttal Expert Disclosures:      October 11, 2024

10        e.  Dispositive Motions:           December 11, 2024

11        f.  Pretrial Order:                January 10, 2025*

12      *In the event that dispositive motions are filed, the date for filing the joint pretrial order will be

13 suspended until thirty (30) days after decision of the dispositive motions or further order of the Court.

14      6.   **Federal Rule of Civil Procedure 26(a)(3) Disclosures:**   All disclosures required by

15 Fed.R.Civ.P. Rule 26(a)(3) and any objections shall be included in the pretrial order submitted pursuant

16 to Paragraph 5 above.  Said disclosures, and any objections thereto, must be made and implemented into

17 the pretrial order no later than set forth in Paragraph 5.

18      7.   **Alternative dispute resolution:** The parties certify that they met and conferred about

19 the possibility of using alternative dispute resolution processes including mediation, arbitration and, if

20 applicable, early neutral evaluation.  The parties agreed alternative resolution is not feasible at this time,

21 but leave open the possibility of mediation or other forms of Alternative Dispute Resolution as this case

22 progresses..

23      8.   **Alternative forms of case disposition:**  The parties certify that they considered consent

24 to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 and the use of the Short

25 Trial Program (General Order 2013-01).  The parties agree that trial by ~~magistrate~~ magistrate judge and the Short Trial

26 Program are not appropriate for this case.

27      9.   **Electronic evidence:** The parties certify that they discussed the presentation of electronic

28 evidence to the jury at trial. At this stage they are unable to ascertain the need for electronic evidence

and stipulate to meeting and conferring sixty (60) days in advance of trial to reach an agreement and protocol for such evidence, if needed.

          IT IS RESPECTFULLY SUBMITTED.


Dated this 26th day of March, 2024.                    Dated this 26th day of March, 2024.

MESSNER REEVES, LLP.                                    PRINCE INJURY LAW

*/s/ Renee M. Finch*                                    */s/ Kevin T. Strong*
Renee M. Finch, Esq.                                    Dennis M. Prince, Esq.
Nevada Bar No. 13118                                    Nevada Bar No. 5092
8945 W. Russell Rd., Ste. 300                           Kevin T. Strong, Esq.
Las Vegas, Nevada 89148                                 Nevada Bar No. 12107
*Attorney for Defendants*                               10801 West Charleston Blvd, Suite 560
                                                        Las Vegas, Nevada 89135

                                                            -   and  -

                                                        NAQVI INJURY LAW

                                                        */s/ Paul G. Albright*
                                                        Farhan R. Naqvi, Esq.
                                                        Nevada Bar No. 8589
                                                        Paul G. Albright, Esq.
                                                        Nevada Bar No. 14159
                                                        9500 West Flamingo Road, Suite 104
                                                        Las Vegas, Nevada 89147
                                                        *Attorneys for Plaintiff*




                                                        IT IS SO ORDERED.


                                                        _____
                                                        UNITED STATES MAGISTRATE JUDGE

                                                        DATED: March 27, 2024

Page **4** of **4**